[Crim. No. 2492.   Third Dist.   Jan. 19, 1954.]

In re JOSE GUTIERREZ, on Habeas Corpus.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Appellant.

Cooney & Littlejohn for Respondent.

VAN DYKE, P. J.—Respondent, Jose Gutierrez, successfully petitioned the Superior Court in Colusa County for a writ of habeas corpus. The People appeal from the order of the trial court discharging him from the custody under which he was being held. The record shows that a complaint was filed against respondent containing two counts, by one of which he was charged with disturbing the peace. (Pen. Code, § 415.) The other count charged him with battery. (Pen. Code, § 242.) Upon filing the complaint the judicial district court issued a warrant of arrest and respondent was apprehended. He was brought before the court and advised of his rights to counsel, which he waived. He pleaded guilty and sentence and judgment were pronounced against him and he was ordered into custody to serve out his sentence. ▪ It thus appears that the court had jurisdiction over the subject matter and the person, and the presumption of regularity applies. (*Brush* v. *Smith,* 141 Cal. 466 [75 P. 55]; *In re Bell,* 19 Cal.2d 488, 500 [122 P.2d 22].) Some six weeks after his commitment respondent filed his petition for a writ of habeas corpus. A hearing was held after the return was made and the record on appeal shows the following: Petitioner was 27 years of age, had been educated through the eighth grade in Texas and California, and had lived in Princeton, California, for about eight years. His occupation was farm laborer and musician. He had been previously arrested on five occasions, in four of which the proceedings were dropped. To one charge he pleaded guilty and served a two months' sentence.

In the instant case he was arrested and taken to the Colusa County jail where he was held about 45 minutes. He was then taken to the justice court along with five other defendants charged in the same complaint with the same crimes, three of which defendants were his brothers. All pleaded guilty, but when respondent was asked for his plea he at first pleaded not guilty. The judge, with an angry expression, exclaimed "What?" and respondent then said that he didn't want to wait for trial because he had a job in Sacramento and wanted to go there the next day, that he thought he could get out with a fine and that for these reasons he would plead guilty. The judge replied, "Do you want to make a guilty plea?" and respondent said "Yes." He was thereupon sentenced to serve 90 days upon the count charging disturbance of the peace, six months upon the count charging battery, and in addition was fined $250 in default of payment of which he was to serve one day for each $2.00 of the fine. It was directed that the sentences run consecutively. Thereupon the respondent asked leave to withdraw his plea of guilty and to plead not guilty, to which the judge responded, "That is all," and court was adjourned. At the hearing on the petition for habeas corpus, over the objection of the People, the court received considerable evidence which bore primarily on the guilt or innocence of respondent. Such evidence was, however, limited to the purpose of throwing such light as might be given thereby upon the issues involved in the habeas corpus proceeding.

Appellant here complains of the trial court's action in receiving evidence touching upon the question of guilt or innocence. ■ However, it is well settled that a petitioner seeking habeas corpus is not confined to the face of the record while attempting to sustain his burden of proving that his conviction was an invasion of his constitutional rights. The actual evidence introduced at petitioner's trial if a trial had been had may be examined and the court may receive any proper additional evidence bearing upon the question of infringement of such rights. (*In re Bell, supra,* at p. 501.) This evidence is, of course, not received in order to pass upon the sufficiency of the evidence to support a verdict or, in a situation such as presented by this appeal, where the judgment assailed rests upon a plea of guilty, to pass upon the guilt or innocence of the petitioner. ■ As the trial court here properly stated, guilt or innocence was not an issue before him, and of course it follows as a corollary that in reviewing

the trial court's order granting the writ no inference can be indulged that the trial court considered respondent to have been innocent of the charges made against him. We find no error in the receipt of the evidence for the limited purpose for which it was admitted.

Upon this appeal we are, of course, bound by the usual rule that the evidence must be taken most strongly in support of the order appealed from and conflicts must be resolved in favor of respondent. But applying this rule, we find no warrant for the setting aside of the judgment of the justice court. Respondent does not contend that he did not know and appreciate the character and extent of the charges made against him; or that he did not know the character of the proceedings being taken; or that he did not know he had a right to plead not guilty to the charges made; or that he did not know he would receive the sentence of the court if he pleaded guilty. He does not contend that he was not advised of his right to counsel or that he did not understand that if he waived his right to counsel the proceedings would go forward upon his own representation of himself. And if such contentions were here advanced the record would not bear them out. Indeed, his petition, considered as a traverse, and summarized, advances only the following claims:

1. That petitioner was innocent of the charges against him.

2. That when brought before the court he "attempted to plead not guilty to the charge" but that the judge "argued with him about his plea, and that Petitioner thought that if he did not plead guilty he might be incarcerated for some time, and that he had a job in Sacramento and thought that if he should plead guilty he would merely get a fine and would be able to pay his fine and go free, and that was his sole and only reason for entering a plea of guilty."

3. That the proceedings in the justice court were very hastily held and took but a few minutes of time.

4. That he was not represented by an attorney at any stage of the proceedings.

That respondent was not guilty was, as we have said, not an issue that he could tender in a habeas corpus proceeding; that the proceedings in the justice court were hastily held is not a matter of complaint in the absence of some claim, supported by some showing, that because of the haste he was unable to act intelligently and with understanding as to what was going on. It may be said that most proceedings which involve arraignment and a plea of guilty are

completed within a few minutes of time. If respondent stated any cause whatever for the issuance of the writ which he asked, it must be sought in his allegations as to the manner in which his plea of guilty was received. But here his petition does not go far enough in that it does not charge that the judge by arguing with him about his plea in anywise prevented him from pleading not guilty. If we now look to the evidence he introduced upon this matter we find that he did enter a plea of not guilty; that no argument was indulged in by the judge, although he exclaimed, "What?" with an angry mien; and that thereupon, and for the reasons given both in the petition and his testimony, he changed his plea. He has steadfastly maintained that he changed his plea because he wanted to get back to his job in Sacramento; thought that if he did not plead guilty he might be convicted and incarcerated for a considerable time; and thought that if he did plead guilty he would get nothing but a fine which he would be able to pay and go free. These matters, as he states in his petition, constituted his "sole and only reason" for entering "a plea of guilty." ■ A defendant charged with an offense cannot be permitted to gamble on the anticipated result of a plea of guilty and when disappointed in the outcome reestablish a right to a trial. For aught that appears, the court was fully justified in refusing to vacate the guilty pleas. Petitioner's evidence fails to show any duress, fraud or overreaching of his free will. (*People* v. *Outcault*, 90 Cal. App.2d 25, 30 [202 P.2d 602].) Although he testified that when he pleaded not guilty the judge appeared to be angry, he does not claim that he was frightened into a withdrawal of his plea, but on the contrary takes the position that under all the circumstances, including the apparent displeasure of the court, he concluded to attempt to obtain clemency by a plea of guilty.

The record here presented lacks any showing of any loss of jurisdiction through failure to accord due process.

The order appealed from is reversed.

Peek, J., and Schottky, J., concurred.