[Crim. No. 15661. First Dist., Div. One. Feb. 11, 1977.]

In re MANUEL ESQUIVEL GARCIA on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Appellant.

Manuel Esquivel Garcia, in pro. per., and Allen Ruby for Respondent.

**OPINION**

**ELKINGTON, J.**—The People, as permitted by Penal Code section 1506, appeal from an order of the superior court granting the petition of Manuel Esquivel Garcia, a state prison inmate, for a writ of habeas corpus.

The pertinent facts upon which the order was based follow.

Garcia and one Leonard Silva Acosta, riding in an automobile, were followed by police officers and thereafter arrested. As a result of the arrests, evidence was obtained which led to the commencement of felony prosecutions against the two men. Each was apparently charged with one

count of burglary (Pen. Code, § 459) and four counts of forgery (Pen. Code, § 470). They were held to answer on all charges by a magistrate, and were thereafter arraigned in the superior court.

In the superior court both pleaded not guilty to the charges and a motion was made, under Penal Code section 1538.5, to suppress the evidence seized as a result of their arrests. The cases were then assigned to another department of the superior court *"for hearing 1538.5 and trial, . . ."* (Italics added.) At this point the two men, represented by different counsel, adopted different tactics.

Acosta chose to continue with his Penal Code section 1538.5 motion to suppress evidence. The motion was denied, and his case was tried before a jury by which he was convicted, apparently on all counts. He was thereupon sentenced to state prison.

On the other hand Garcia, the subject of the instant appeal, entered into a plea bargain in the department of the court to which the cases had been assigned for trial. As stated in his superior court petition, he "pleaded guilty before his attorney *formally* moved to suppress evidence pursuant to Penal Code § 1538.5; . . ." (Italics added.) By the terms of the plea bargain the People agreed to dismissal of three of the forgery charges, upon Garcia's guilty pleas to the burglary, and the remaining forgery, counts. Prior to the plea bargain Garcia's attorney, a deputy public defender, discussed "the possibility of county [jail] time" with him, and Garcia has alleged that he expected, or hoped for, such leniency. But as he stated to the trial court, except for the terms of the plea bargain, no person had "made any promises to [him] such as a lesser sentence, probation, . . . immunity, or anything else . . . ." And he said he understood "that at this time the judge ha[d] not made any decision as to what sentence" would be imposed.

Garcia's plea bargain was considered and accepted by the superior court, and he pleaded guilty accordingly. Following a subsequent presentence report by the probation department, the court determined that Garcia was not a suitable candidate for the state's narcotic rehabilitation program. He was then referred to the Department of Corrections for a 90-day diagnostic study pursuant to Penal Code section 1203.03. Following its diagnostic study, the department recommended that Garcia be sentenced to state prison for his crimes. He then moved to set aside his guilty pleas, and the motion was denied.

Garcia was sentenced to state prison on each of the charges to which he had pleaded guilty. He appealed the judgment of conviction, contending that certain promises made upon his plea bargain had gone unfulfilled. The appeal was found to be without merit and the judgment was affirmed. Successive in propria persona petitions by Garcia "for reinstatement of appeal," "to recall remittitur," and for habeas corpus based upon ineffective assistance of counsel, were denied.

In the meantime Garcia's codefendant Acosta had been pursuing an appeal from his judgment of conviction. The judgment was reversed, the reviewing court having concluded that Acosta's Penal Code section 1538.5 motion to suppress the evidence should have been granted. That evidence, it was held, was tainted since it was the product of Acosta's (and Garcia's) arrest without probable cause.

Following reversal of Acosta's judgment of conviction Garcia commenced the instant habeas corpus proceedings in the superior court. He contended, correctly, that the invalid arrest and evidence of Acosta's case were the same as that upon which the charges against him were founded. He argued that under *In re Crumpton,* 9 Cal.3d 463 [106 Cal.Rptr. 770, 507 P.2d 74], his conviction also must now be reversed and his pleas of guilty set aside. The superior court, as indicated, agreed and the writ of habeas corpus was granted.

■ We are of course aware that the usual rule, that "evidence must be taken most strongly in support of the order appealed from and conflicts must be resolved in favor of respondent," is applicable on habeas corpus review. (See *In re Gutierrez,* 122 Cal.App.2d 661, 664 [265 P.2d 16].) But here there is no conflict in the relevant evidence. In such a case "there is no requirement that the reviewing court view it in the light most favorable to upholding the trial court's determination." (*People* v. *Duren,* 9 Cal.3d 218, 238 [107 Cal.Rptr. 157, 507 P.2d 1365].)

■ We note initially the uniform holding that failure to move for suppression of evidence as " 'fruit of the poisonous tree' . . . 'at some stage of the proceedings prior to conviction' forecloses consideration on appeal." (*People* v. *Jenkins,* 13 Cal.3d 749, 753 [119 Cal.Rptr. 705, 532 P.2d 857] [cert. den., 423 U.S. 860 (46 L.Ed.2d 88, 96 S.Ct. 115)]; *People* v. *Gallegos,* 4 Cal.3d 242, 249 [93 Cal.Rptr. 229, 481 P.2d 237]; and see Pen. Code, § 1538.5, subd. (m).) ■ And habeas corpus will not serve

as a medium for review of error which reasonably could have been, but was not, made the subject of direct appeal. (*In re Walker*, 10 Cal.3d 764, 780-781 [112 Cal.Rptr. 177, 518 P.2d 1129]; *In re Terry*, 4 Cal.3d 911, 926-927 [95 Cal.Rptr. 31, 484 P.2d 1375].)

While the issue presented to us is certainly of constitutional concern, it bears in no way on the question of Garcia's guilt or innocence. Furthermore, Garcia has at all times admitted commission of the crimes to which he pleaded guilty. Certain relevant comment of the state's high court, speaking through its then Chief Justice Roger Traynor, is apropos:

■ "[T]his court [has] adopted the rule . . . that habeas corpus is not available to challenge the use of evidence obtained by an unconstitutional search and seizure. We held that the availability of collateral attack to challenge violations of constitutional rights must be considered in light of the relevance of the violation to the correct determination of petitioner's guilt, the purpose of the constitutional principle involved, and the effect that granting the remedy would have on the administration of criminal justice. 'If the violation of a petitioner's constitutional rights by the use of illegally seized evidence had any bearing on the issue of his guilt, there should be no doubt that habeas corpus would be available . . . .
■ The purpose of the exclusionary rule is not to prevent the conviction of the innocent, but to deter unconstitutional methods of law enforcement. [Citations.] That purpose is adequately served when a state provides an orderly procedure for raising the question of illegally obtained evidence at or before trial and on appeal. The risk that the deterrent effect of the rule will be compromised by an occasional erroneous decision refusing to apply it is far outweighed by the disruption of the orderly administration of justice that would ensue if the issue could be relitigated over and over again on collateral attack.' . . . [¶¶] We fully recognize this state's obligation to afford every defendant a full and fair opportunity to secure an adjudication of all claimed deprivations of his constitutional rights in the securing of the evidence offered against him at trial. We believe, however, that in the absence of extraordinary circumstances, the time and place to secure such an adjudication is at the trial and on appeal. . . . [¶] ■ [T]he right to object to the introduction of illegally obtained evidence . . . insure[s] full presentation of any claimed constitutional violation at the trial level. The right to appeal . . ., the right to secure an adequate record on appeal . . ., and the right to counsel on appeal . . . insure full opportunity to secure

appellate review. [¶] Failure to exercise these readily available remedies will ordinarily constitute such a deliberate bypassing of orderly state procedures as to justify denial of . . . state collateral relief." (*In re Sterling,* 63 Cal.2d 486, 487-489 [47 Cal.Rptr. 205, 407 P.2d 5]; and see *People* v. *Hill,* 9 Cal.3d 784, 786-787 [109 Cal.Rptr. 93, 512 P.2d 317]; *In re Terry, supra,* 4 Cal.3d 911, 926-927; *In re Panchot,* 70 Cal.2d 105, 107, fn. 4 [73 Cal.Rptr. 689, 448 P.2d 385]; *In re Rinegold,* 13 Cal.App.3d 723, 730-731 [92 Cal.Rptr. 18].)

■ In the case at bench Garcia had an untrammeled opportunity in the superior court, and thereafter on appeal from the judgment in a reviewing court, to challenge the validity of his arrest and the use of the evidence the People proposed to use against him. He did not do so. Under the authority and continuing vitality of *In re Sterling, supra,* the superior court erroneously issued the writ of habeas corpus.

We have, of course, considered *In re Crumpton, supra,* 9 Cal.3d 463, upon which Garcia principally relies. In that case it appeared "that the statute under which [Crumpton, the accused, pleaded guilty and] was convicted did not prohibit his conduct." (P. 467.) The issue had a direct " 'bearing on the issue of his guilt,' " the exception where, according to *In re Sterling,* " 'there should be no doubt that habeas corpus would be available.' " The exception is inapplicable here where the evidence establishes, and Garcia freely admits, guilt.

But Garcia contends that if the rule of *In re Sterling* shall be here applied, then "the same issues will have to be relitigated all over again in another habeas corpus proceeding alleging incompetence of counsel." We are not so persuaded. From the evidence before the superior court and now this court the more reasonable inference, we opine, is that Garcia's acceptance of the plea bargain, and omission to "formally" reassert his Penal Code section 1538.5 motion to suppress in the department of the court to which it had been assigned for hearing, was a deliberate tactical choice. We note the following.

The proof available to the People clearly established Garcia's guilt on all of the charges against him. Had he gone to trial he might reasonably have expected conviction on all counts. The evidence concerning the illegality of his arrest, we opine, was of such a nature that counsel might reasonably conclude that the prospect of proving it was slight. And of course there was a lesser probability that the People would agree to the

proposed plea bargain after denial of Garcia's motion to suppress, at which time he would have had no apparent defense. Garcia admitted that he expected no more than county jail time as a result of his guilty pleas. Following his pleas, and apparently expecting an immediate disposition, he told the court that his record was clean, and that: "I will pay restitution. I want to prove to the court that I could pay restitution, and I've got a job lined up. I'd like to have a little chance." The court responded: "I would prefer to see a probation report first." Most important, Garcia's case had been assigned from another department of the court *for hearing on a previously made Penal Code section 1538.5 motion to suppress,* and he was so advised by the court. Nevertheless Garcia and his attorney chose to accept the offered plea bargain without "formally" repeating or pressing the motion. And any doubt that Garcia himself might have been unaware of the passing events is dispelled by the thorough and intelligent knowledge of the proceedings shown by him upon inquiry by the court and prosecutor, when he pleaded guilty.

██ "Matters involving trial tactics are matters 'as to which [reviewing courts] will not ordinarily exercise judicial hindsight.'" (*People* v. *Najera,* 8 Cal.3d 504, 516 [105 Cal.Rptr. 345, 503 P.2d 1353].) ██ And the proof of counsel's "inadequacy or ineffectiveness must be a demonstrable reality and not a speculative matter." (*People* v. *Stephenson,* 10 Cal.3d 652, 661 [111 Cal.Rptr. 556, 517 P.2d 820].)

Further, it is noted that Division Three of this court summarily denied a petition of Garcia for habeas corpus which contended: "Petitioner alleges that he was denied 'effective aid and assistance counsel' and therefore was denied counsel in violation of his constitutional right to counsel under the Sixth Amendment to the United States Constitution. Counsel was not 'effective' due to his failure to move to suppress evidence pursuant to Penal Code 1538.5, thereby withdrawing a 'crucial' defense, the only defense available on petitioner's guilty plea, pursuant to subdivision (m) of Penal Code section 1538.5."

The order granting the writ of habeas corpus is reversed.

Molinari, P. J., and Lazarus, J.,* concurred.

A petition for a rehearing was denied March 8, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.