[Crim. No. 10161. Third Dist. Mar. 21, 1980.]

In re CHOL SOO LEE on Habeas Corpus.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Edmund D. McMurry, Deputy Attorneys General, for Appellant.

Leonard Weinglass and H. Peter Young for Respondent.

OPINION

PARAS, J.—The People appeal a habeas corpus order discharging Chol Soo Lee (hereinafter defendant) from custody imposed pursuant to a murder conviction. (Pen. Code, § 1506.) We affirm.

I

Defendant was convicted on July 10, 1974, of first degree murder with the use of a firearm. The case was tried in Sacramento after a change of venue from San Francisco. The prosecution relied on two eyewitnesses who observed the shooting on a Chinatown street corner on June 3, 1973, and identified defendant as the assailant; also on a third witness who saw defendant fleeing the scene just after the shooting. The conviction was affirmed in an unpublished opinion by this court in April 1975 (3 Crim. 7711); there was no petition for hearing in the Supreme Court. Defendant was sentenced to life imprisonment, and prison terms were also imposed for parole violation on an earlier grand theft from the person conviction and a subsequent conviction of possession of a concealable firearm by a felon. Deuel Vocational Institute at Tracy, California, was the place of confinement.

On October 8, 1977, defendant was charged in San Joaquin County Superior Court with first degree murder in connection with a homicide at the institute, and the 1974 murder conviction was alleged as a special circumstance. (Pen. Code, § 190.2.) In the course of examining discovery files regarding the 1974 conviction, the 1977 defense attorneys learned of an all points bulletin and a San Francisco Police Department interdepartmental memorandum, neither of which had been given to defense counsel in 1974.

A petition for writ of habeas corpus was filed in San Joaquin County on July 17, 1978, alleging inter alia that defendant was denied a fair trial by the prosecution's suppression of material evidence. The San Joaquin court transferred the matter to Sacramento Superior Court. An order to show cause issued from the latter on October 20, 1978, and a series of hearings was held, beginning on October 27. During the course of the hearings, defense investigators used the information contained in the memorandum, the bulletin, and other documents to locate one Steven Morris, who reported to them that he had witnessed the shooting and defendant was not the attacker. He so testified at the habeas corpus hearing and added emphatically that he had advised the San Francisco police by a phone call the day after the killing that he was an eyewitness. The phone call to the police was confirmed by a note made by Officer Gus Coreris summarizing the call's contents (Coreris answered the phone), which he relayed to Officer Falzon, an investigator on the case. The note indicates Morris was not an eyewitness. Coreris testi-

fied at the habeas corpus hearing that he had no present recollection of the conversation but that it was his custom to take notes of information given by callers and transmit such notes to the appropriate investigators. He would record and immediately follow up eyewitness accounts. Falzon testified he did not understand from the Coreris notes or from his own later conversation with Morris that Morris was an eyewitness to the shooting.

At the conclusion of the habeas corpus hearings, the trial court found that Morris had in fact told Coreris he was an eyewitness and that this crucial information was withheld from the defense to its prejudice.[1]

## II

The People contend Morris' testimony was inherently improbable and unworthy of belief, thus the trial court erred in finding that there was suppression of material evidence. They also claim the court erred in admitting hearsay evidence which tended to corroborate Morris' testimony (testimony by a friend that Morris talked to her the day after the shooting and told her he had seen the murder and had called the police) and that the order of discharge is deficient.[2]

In support of the inherent improbability claim, the People point to a number of serious discrepancies between Morris' version of the shooting and more credible testimony given at the 1974 trial. More to the point, the People note irreconcilable inconsistencies between Morris' testimony and the irrefragable physical evidence of the victim's clothing, irremediable internal conflicts in Morris' description of the assailant's clothing and his phone calls with the police, and the testimony of two of Morris' Chinatown dinner companions who were with him at the time he asserts he witnessed the shooting, yet themselves saw no shooting and heard no shots.

■   We are not unimpressed with the inherent improbability argument, despite the heavy burden it carries (*People* v. *Thornton* (1974)

---

[1]Since the court found Morris' testimony provided sufficient grounds for issuance of the writ, it did not rule on other issues presented by defendant.

[2]We do not reach the People's contentions regarding other evidence presented, since the superior court ruled only on the undisclosed eyewitness issue.

11 Cal.3d 738, 754 [114 Cal.Rptr. 467, 523 P.2d 267]); however we find it of no avail to the People even if we were to accept and adopt it. Irrespective of whether the testimony of Morris as to what he saw on June 3, 1973, is or is not inherently improbable, the issue here is whether his testimony that he told Coreris he was an eyewitness is inherently improbable. It is that evidence that the trial judge believed, and the only evidence he had to believe to justify his ruling. As to it, there was nothing inherently improbable. Granting any inherent improbability of Morris' substantive testimony, defendant's defense lawyers were still entitled to know of it so they could judge that matter for themselves. That very simply was the trial judge's ruling, premised on the finding that Morris informed Coreris of what he purportedly had seen.

The People of course reason that from inherent improbability of the substantive testimony, falsity of an asserted statement to the police must follow. This is not so, for in that regard the test is purely one of substantial evidence. If in the face of the many contraindications the trial judge chose to believe that Morris told the police he saw the shooting, we can do nothing about it. (*In re Guiterrez* (1954) 122 Cal. App.2d 661, 664 [265 P.2d 16].)

■ Since no timely objection was made (*People* v. *Gardner* (1976) 56 Cal.App.3d 91, 102 [128 Cal.Rptr. 101]), the People's contention that the court erred by admitting hearsay evidence supporting Morris' testimony must fail. It is a well-established rule that questions of admissibility of evidence will not be reviewed on appeal absent timely objection at trial, specifying the grounds. (*People* v. *Welch* (1972) 8 Cal.3d 106, 114-115 [104 Cal.Rptr. 217, 501 P.2d 225].)

The contention that the writ is deficient because it does not explicitly reverse defendant's conviction is without merit. It correctly ordered the superintendent at Deuel to "discharge [defendant] from custody pursuant to his conviction of Murder in the First Degree under Superior Court of Sacramento County, Case No. 44362...." (Pen. Code, §§ 1485, 1487.) We perceive no double jeopardy problem. Defendant's brief accurately addresses the issue thus: "The State also surmises that since the order below does not specify that Lee's conviction has been set aside, he might argue on retrial that the order did not reverse his conviction and therefore the double jeopardy clause prohibits his

retrial. . . . That. . . is frivolous, for the public records in this case clearly demonstrate that the order was based on the setting aside of his conviction; there was no other ground asserted or available for discharge."

The judgment is affirmed.

Regan, Acting P. J., and Reynoso, J., concurred.

A petition for a rehearing was denied April 14, 1980, and the opinion was modified to read as printed above.