[Crim. No. 14345. Third Dist. Dec. 23, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
DONALD H. JAMES et al., Defendants and Respondents.

COUNSEL

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Appellant.

Robert N. Chargin, Public Defender, and David Wellenbrock, Deputy Public Defender, for Defendants and Respondents.

OPINION

**EVANS, Acting P. J.**—In this appeal from orders granting defendants' petitions for writs of habeas corpus, the People challenge the superior court's determination that defendants, both convicted murderers sentenced to life imprisonment under the Indeterminate Sentence Law (ISL),[1] were entitled to be released on parole within one year of having been found parole suitable. We reverse.

[1]Former Penal Code section 1168, repealed effective January 1, 1977.

■ Ex post facto principles dictate that an inmate who has been sentenced to life imprisonment under the ISL, and who has been found suitable for release on parole, shall be granted the earlier of the parole release dates calculated in accordance with the ISL and the Uniform Determinate Sentencing Act of 1976 (DSL),[2] which is the current law. (*In re Stanworth* (1982) 33 Cal.3d 176 [187 Cal.Rptr. 783, 654 P.2d 1311].)

The Board of Prison Terms (Board) found defendants Donald H. James and Michael Verbos suitable for parole on April 28, 1981, and October 16, 1980, respectively. After each was afforded a *Stanworth* parole eligibility hearing, the Board granted defendant James a parole release date of October 15, 1987, and defendant Verbos a parole release date of August 9, 1989. Thereafter, each defendant petitioned the superior court for a writ of habeas corpus alleging he was entitled to be released on parole within one year of having been found parole suitable asserting "that was the law and practice at the time" he committed the offense for which he was sentenced. The superior court granted the petitions. The People appeal pursuant to Penal Code section 1506.

■ From the fact that it granted defendants' petitions for release, we infer the superior court found the law and practice at the time their crimes were committed required that a life prisoner be released on parole within one year of a determination the prisoner was parole suitable. The record, however, fails to disclose any evidence or legal authority that would support such a finding.

Defendants assert the superior court took judicial notice of its decisions in In re Davis and In re Gadbury,[3] habeas corpus proceeding in which the superior court granted writs to two life prisoners who had raised the claim defendants raise in this case. Defendants' assertion is not evidence, nor is the assertion supported by any other evidence in the record.[4]

Defendants and the People refer in their briefs to a stipulation made between the parties in the Davis and Gadbury proceedings. Neither defendants nor the People explain why that stipulation should bind the parties in this case or otherwise constitute evidence. The record is similarly silent. The stipulation, which appears in the record as an attachment to each defendant's petition and traverse, states that "[u]nder the Indeterminate Sentence Law most inmates convicted and sentenced for first degree murder were released

---

[2]Penal Code section 1170 et seq.

[3]San Joaquin County Superior Court Nos. 22434 and 31831.

[4]Whether the superior court could properly have taken judicial notice of its decisions in Davis and Gadbury is, in light of our finding, an issue of academic interest only. We do not consider it.

on parole within one year of being found parole suitable and being granted a parole date," and that "[s]ince enactment of the Determinate Sentence Law [*sic*] most inmates, when found parole suitable, were given parole release dates more than one year from the finding of suitability and frequently 5-10 years away." We observe that even if this "stipulation" were evidence of the matter it asserts, it would not warrant the inference that release of life prisoners within one year of a finding of parole suitability was "the law and practice" under the ISL. If under the ISL "most inmates"—however many inmates that vague term may embrace—were in fact released on parole within a year of having been found parole suitable, it could have been mere happenstance.

■ When the evidentiary support for an order discharging a defendant in a habeas corpus proceeding is at issue on appeal, we review the record in the light most favorable to the order to determine whether the order is supported by substantial evidence. (See *In re Gutierrez* (1954) 122 Cal.App.2d 661, 664 [265 P.2d 16]; *In re Garcia* (1977) 67 Cal.App.3d 60, 65 [136 Cal.Rptr. 461].) ■ The words "substantial evidence" imply evidence of ponderable legal significance, reasonable in nature, credible, and of solid value. (*Estate of Bishop* (1962) 209 Cal.App.2d 48, 53-54 [25 Cal.Rptr. 763].) ■ The "stipulation" upon which the superior court based it orders, and upon which defendants rely, has no ponderable legal significance or evidentiary value.

The defendants received the parole suitability consideration required by *Stanworth;* they have failed to present *any* evidence or decisional authority that their parole dates are improper.

The judgments (orders) are reversed.

Carr, J., and Sims, J., concurred.

A petition for a rehearing was denied January 21, 1986, and respondents' petition for review by the Supreme Court was denied April 24, 1986.