**Joe FORREST, Petitioner–Appellee,**

v.

**Daniel B. VASQUEZ, Warden; Daniel E. Lungren, Attorney General, Respondents–Appellants.**

**No. 95–55919.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 1995.

Decided Feb. 7, 1996.

Kenneth M. Stern, Woodland Hills, California, for petitioner-appellee.

James William Bilderback, II, Deputy Attorney General, Los Angeles, California, for respondents-appellants.

Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.

FARRIS, Circuit Judge:

The government appeals the district court's order granting Joe Forrest a writ of habeas corpus. We reverse.

## BACKGROUND

Following a *pro per* trial, Forrest was convicted in Los Angeles County of attempted murder, use of a deadly and dangerous weapon, and intentional infliction of great bodily injury.

Forrest appealed his conviction to the California Court of Appeal, claiming, among other things, that he had been denied access to a law library and legal materials. On October 25, 1993, the Court of Appeal affirmed his conviction.

Under Rule 28(b) of the California Rules of Court, a petition for review to the California Supreme Court must be filed within 10 days after the Court of Appeal decision becomes final. Forrest failed to file a timely petition for review, and on December 28, 1993, the California Supreme Court denied his application for relief from default.

Forrest later filed a petition for habeas corpus in the California Supreme Court, again alleging that his constitutional rights had been violated by the denial of access to a law library. The Court's denial of the petition read: "Petition for writ of habeas corpus DENIED. (See *In re Waltreus* (1965) 62 Cal.2d 218, 225[, 42 Cal.Rptr. 9, 397 P.2d 1001])."

Forrest then filed a petition for a writ of habeas corpus in federal court. The district court granted the petition, concluding that Forrest had been denied all pre-trial access to a law library and other legal materials in violation of his constitutional rights. We stayed execution of the district court's order pending appeal.

## DISCUSSION

█ We review de novo a district court's decision on a petition for writ of habeas corpus. *Hunter v. Aispuro,* 982 F.2d 344, 346 (9th Cir.1992), *cert. denied,* — U.S. —, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). District Court findings on questions of law and mixed questions of law and fact are reviewed *de novo. Herd v. Kincheloe,* 800 F.2d 1526, 1528 (9th Cir.1986).

█ California's *Waltreus* rule holds that "any issue that was *actually* raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus." *In re Harris,* 5 Cal.4th 813, 829, 21 Cal.Rptr.2d 373, 380, 855 P.2d 391, 398 (1993) (emphasis in original). The government contends that the California Supreme Court's citation to this rule indicates that Forrest procedurally defaulted his claim. Citing our decision in *Maxwell v. Sumner,* 673 F.2d 1031 (9th Cir. 1982), Forrest argues that the *Waltreus* citation is not an independent and adequate procedural bar, but rather an indication that his library access claim had already been heard on the merits. We hold that Forrest procedurally defaulted his library access claim. His procedural default, however, arises not from his violation of the *Waltreus* rule, but from his failure to follow Rule 28(b) of the California Rules of Court.

"A direct appeal is not necessary to exhaust state remedies if state law provides an alternative route of review through a writ of habeas corpus brought before the state's highest court." *Acosta–Huerta v. Estelle,* 7 F.3d 139, 141 (9th Cir.1993). In California, however, habeas corpus is not an alternative to a direct appeal. California's *Dixon* rule "generally prohibits raising an issue in a postappeal habeas corpus petition when that issue was not, but could have been, raised on appeal." *In re Harris,* 21 Cal.Rptr.2d at 395, n. 3, 855 P.2d at 395, n. 3 (1993), *citing In re Dixon,* 41 Cal.2d 756, 264 P.2d 513 (1953); *see also, Acosta–Huerta,* 7 F.3d at 141–42.

During his direct appeal process, Forrest raised his library access claim before the

California Court of Appeal, but not before the California Supreme Court in a timely petition for review. This failure cost Forrest his only chance to present properly his claim to the California Supreme Court because *Waltreus* prohibits that court from reviewing on habeas any claim raised during the direct appeal process. The effect of the *Waltreus* rule is that a California prisoner wishing to exhaust remedies in state court should generally present his claim to the California Supreme Court in a petition for direct review, rather than a habeas petition.

Forrest failed to file such a petition. *Waltreus* then prohibited the California Supreme Court from considering the library access claim on habeas. As a result, Forrest deprived the highest state court of an opportunity to address his claim in the first instance, and his claim is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

█ We reject Forrest's contention that the California Supreme Court's *Waltreus* denial was a ruling on the merits. In *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991), the Court concluded that a *Waltreus* citation is neither a ruling on the merits nor a denial on procedural grounds. It held that since petitioners in California are not required to go to state habeas for exhaustion purposes, a *Waltreus* denial on state habeas has no bearing on their ability to raise a claim in federal court. *Id.* Thus, federal courts "look through" a denial based on *Waltreus* to previous state court decisions. *Id.* at 805–06, 111 S.Ct. at 2595–96.

In *Ylst*, the Court looked through a *Waltreus* citation, and then various unexplained orders, to the last explained state judgment. In Forrest's case, we will not look past the California Supreme Court's unexplained order denying Forrest's application for relief from default. The "nature" and "surrounding circumstances" of the unexplained order clearly show that the basis of the decision was procedural default. *See Ylst*, 501 U.S. at 802, 111 S.Ct. at 2594; *Coleman*, 501 U.S. at 735 n. *, 111 S.Ct. at 2557 n. *.

Forrest's case is distinguishable from *Maxwell v. Sumner*, 673 F.2d 1031 (9th Cir.

1982). In *Maxwell*, we looked through a *Waltreus* citation and found that the last reasoned state judgment had reached the merits of the petitioner's constitutional claim. *Id.* at 1034. We therefore found no independent and adequate state procedural ground barring federal review. *Id.* at 1034–35. In Forrest's case, by contrast, we look through *Waltreus* to an order that was clearly based on Forrest's failure to comply with a procedural rule.

There is nothing to indicate that Rule 28(b) is not firmly established and consistently applied. The record reveals no cause for Forrest's procedural default. There is no fundamental miscarriage of justice if we deny Forrest federal review. We find Rule 28(b) to be an adequate and independent state procedural ground barring federal review of Forrest's constitutional claims.

REVERSED and REMANDED for entry of an order denying Forrest's petition for a writ of habeas corpus.