129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Miranda LOPEZ, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden, Respondent-Appellee.
 No. 96-55461.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-06104-RG(RMC); Richard A. Gadbois, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Lopez, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it dismissed four of his claims as procedurally barred and denied his ineffective assistance of counsel claim on its merits. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 A. Procedural Bar
 
 3
 Lopez appealed his conviction to the California Court of Appeal, arguing: 1) it was improper for him to be shackled at trial; 2) the trial court did not properly instruct the jury on involuntary manslaughter, imperfect self-defense, the degree of attempted murder, and his mental state; and 3) the trial court erred in denying his request for new counsel to represent him in a motion for new trial. The California Court of Appeal affirmed Lopez's conviction. Lopez never petitioned the California Supreme Court for review on direct appeal. When Lopez raised these claims in his habeas corpus petition, the California Supreme Court denied his petition citing In re Waltreus, 62 Cal.2d 218, 225 (1965) (issues actually raised and rejected on appeal cannot be renewed in petition for writ of habeas corpus) and In re Lindley, 29 Cal.2d 709, 723 (1947) (habeas corpus is not an available remedy to correct errors of procedure occurring at trial). The district court properly concluded that these claims were barred. See Forrest v. Vasquez, 75 F.3d 562, 564 (9th Cir.1996) (when a prisoner's conviction is affirmed by the California Court of Appeal and the prisoner fails to present a timely petition for review to the California Supreme Court, a subsequent habeas petition brought before the California Supreme Court which is denied citing Waltreus procedurally bars the prisoner from raising any claim in a federal habeas petition that was raised and rejected during the direct appeal process).
 
 
 4
 Lopez has also failed to demonstrate cause and prejudice for his failure to present these claims to the California Supreme Court on direct appeal. Nor has he made any "colorable showing of factual innocence." Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). Consequently, federal review of the claims Lopez raised on direct appeal is precluded. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 B. Ineffective Assistance of Counsel
 
 5
 Lopez contends that he received ineffective assistance of counsel because his attorney did not present a defense which demonstrated Lopez lacked the mental capacity to commit first degree murder.[1] We disagree.
 
 
 6
 To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A tactical decision by counsel which the defendant disagrees cannot form the basis of an ineffective assistance of counsel claim. See People of Territory of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 7
 Here, Lopez submitted declarations from family and friends which stated that he was involved in a car accident prior to the crime. The declarations indicate that Lopez changed after the accident from a stable personality to an indecisive, impulsive person who drank heavily. The declarations, however, fail to indicate the date of the accident. More importantly, Lopez has failed to show how any injuries from the accident affected his mental state at the time of the murders. See James v. Borg, 24 F.3d 20, 26 (9th Cir.1994) (conclusory allegations not supported by a statement of specific facts do not warrant habeas relief).[2] Lopez has utterly failed to demonstrate that the result of the proceedings would have been different had his counsel introduced evidence that Lopez's personality changed after an automobile accident. See Strickland, 466 U.S. at 687, 689, 694; see also Santos, 741 F.2d at 1169.
 
 
 8
 Lopez also contends that he received ineffective assistance of counsel because his trial counsel failed to have him examined by a doctor post-trial. This contention lacks merit.
 
 
 9
 Lopez was examined by several doctors before trial. Lopez also requested a medical examination to support his motion for a new trial. The trial court granted Lopez's motion. It is unclear from the record whether Lopez obtained an exam. Lopez, however, has absolutely failed to demonstrate how a post-conviction medical examination could have affected his conviction or sentence. Thus, we must deny Lopez's claim for lack of prejudice. See Strickland, 466 U.S. at 694.
 
 
 10
 Finally, Lopez contends that he was denied his Sixth Amendment right to the effective assistance of counsel because his Spanish interpreter inadequately translated his trial testimony and was not present when he consulted with his attorney. Lopez's contentions must be rejected because they are conclusory and unsupported by specific facts. See James, 24 F.3d at 26. Lopez has not demonstrated the inadequacy of his interpreter nor how the interpretation affected his testimony. He also fails to explain what information he or his attorney were unable to convey to one another due to the interpreter's absence. Accordingly, this claim must also be denied for lack of prejudice. See Strickland, 466 U.S. at 694.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Lopez's ineffective assistance of counsel claims are not procedurally barred because they were not brought on direct appeal. Cf. In re Harris, 5 Cal.4th 813, 825 (1993) (the Waltreus rule applies to claims that were previously raised and rejected on direct appeal); see also Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (once a claim is fairly presented in the state court, the claim is exhausted even if the state court's decision does not expressly address it)
 
 
 [2]
 Even if Lopez could make such a showing, Lopez's defense at trial was not based on his mental condition but upon his testimony that the gun accidently discharged during a struggle. Lopez has not shown that counsel's accident defense constituted an unreasonable trial strategy. See Santos, 741 F.2d at 1169