134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerryal J. CULLER, Petitioner-Appellant,
v.
Teresa ROCHA, Respondent-Appellee.
 No. 97-15584.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Jerryal J. Culler appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for aggravated mayhem for intentionally setting a man on fire. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of Culler's petition de novo, see Forrest v. Vasquez, 75 F.3d 562, 563 (9th Cir.), cert. denied, 117 S.Ct. 101 (1996), and affirm.
 
 
 3
 After Culler's conviction was affirmed by the California Court of Appeals, he failed to raise his prosecutorial misconduct and erroneous jury instruction claims in a petition for review before the California Supreme Court. When Culler later presented those claims in a habeas petition, the California Supreme Court denied review with citation to In re Waltreus, 397 P.2d 1001 (1965). As a result, federal review of those claims is barred. See Forrest, 75 F.3d at 563-64 (federal review barred where prisoner fails to present a timely petition for review to the California Supreme Court, and subsequent habeas petition denied with citation to Waltreus ).
 
 
 4
 We reject Culler's contention that the state trial court erred by permitting statements he made to officers in violation of his Miranda rights to be referenced at trial. As here, the use of such statements only to impeach the credibility of a defendant who takes the stand, and whose testimony is contrary to those statements, does not violate the Constitution. See Oregon v. Haas, 420 U.S. 714, 723 (1975); Harris v. New York, 401 U.S. 222, 225 (1971). Culler's ineffective assistance of counsel claim, premised on counsel's failure to raise this issue on direct appeal, fails for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 691-93 (1984).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3