Marco Antonio HURTADO,
Petitioner—Appellant,

v.

Richard KIRKLAND, Warden,
Respondent—Appellee.

No. 06–56554.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed June 5, 2008.

Marco Antonio Hurtado, Crescent City, CA, pro se.

Mark R. Drozdowski, Vay I. Williams, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

David A. Wildman, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM *

The facts and procedural history of this case are known to the parties, and we do not repeat them here. California prisoner Marco Antonio Hurtado appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254, which

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was denied on the ground that the constitutional claims relevant to this appeal were procedurally defaulted. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

■ Federal courts will not review a question of federal law decided by a state court if that court explicitly invokes a state procedural bar as the basis for its decision, and that procedural bar constitutes an independent and adequate ground. *Hill v. Roe,* 321 F.3d 787, 789 (9th Cir.2003). Where, as in this case, the California Supreme Court has denied a petition for habeas review with a citation to *In re Waltreus,* 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965), we must "look through" this denial to previous state court decisions to determine the explanation for the denial of the claims. *See Forrest v. Vasquez,* 75 F.3d 562, 564 (9th Cir.1996) (discussing *Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)). Here, the parties agree that the California Supreme Court denied Hurtado's habeas petition because Hurtado failed to present the three claims relevant to this appeal in a timely petition for direct appellate review to the California Supreme Court.

Hurtado's petition failed to comply with California Rule of Court 28(e)(1) because it did not arrive at the clerk's office within ten days after the Court of Appeal's decision became final. CAL. R. CT. 28(e)(1) (2004). The failure to comply with California Rule of Court 28(e) constitutes an independent and adequate ground that precludes federal review. *Forrest,* 75 F.3d at 564.

Hurtado argues that *Forrest* is distinguishable because that case did not consider whether the fact that the Chief Justice of the California Supreme Court may relieve a party from failure to file a timely petition for review as a matter of discretion renders Rule 28(e)(1) so inconsistent in its application that it is not adequate to preclude review. *See* Cal. R. CT. 28(e)(2) (2004). Hurtado's attempt to distinguish *Forrest* fails. "The mere fact that a state's procedural rule includes an element of discretion does not render it inadequate. . . . So long as standards governing the exercise of discretion are firmly established and are consistently applied, a state's procedural rule will be adequate to bar federal claims." *Fields v. Calderon,* 125 F.3d 757, 762 (9th Cir.1997). Before the district court, Hurtado proffered four unpublished cases that reflect merely that the Chief Justice has previously exercised the discretion granted by Rule 28(e)(2). This fails to satisfy Hurtado's burden to assert "specific factual allegations that demonstrate" that the Chief's exercise of discretion has not conformed to "standards that, at least over time, can become known and understood within reasonable operating limits." *Bennett v. Mueller,* 322 F.3d 573, 583, 586 (9th Cir.2003).

Hurtado's petition failed to comply with California Rule of Court 40(k) because, although "the time for its filing had not expired on the date of its mailing," Hurtado's counsel did not use "certified or express mail." CAL. R. CT. 40(k) (2004). Hurtado attempts to demonstrate that Rule 40(k) has been inconsistently applied by pointing out that Rule 40(k) was rewritten in 2005 to eliminate the certification requirement. This argument lacks merit because in determining whether a challenged rule has been consistently applied, the federal court must look to the state's application of that rule prior to and through the time of the petitioner's default; subsequent changes to the rule are irrelevant. *See Cockett v. Ray,* 333 F.3d 938, 943 (9th Cir.2003).

■ Hurtado has also failed to show "cause for the procedural default and prejudice attributable thereto," and so we have

no ground upon which to excuse his default. *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Hurtado claims the allegedly arbitrary nature of Rule 40(k) itself was "cause" for his default. Hurtado cites no authority for the novel proposition that a procedural rule itself may constitute "cause" that merits excusing a procedural default. This claim is inconsistent with the rule that a petitioner seeking relief from procedural default must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488, 106 S.Ct. 2639. Under some circumstances, Hurtado's counsel's failure to comply with a filing deadline might rise to the level of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which could constitute "cause" to excuse procedural default. *See Murray,* 477 U.S. at 488, 106 S.Ct. 2639. In this case, Hurtado has no such claim because he had no right to counsel, under either the U.S. or the California Constitution, on discretionary review to the California Supreme Court. *See Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Because Hurtado has failed to demonstrate "cause," we do not reach the issue of "prejudice." *See Murray,* 477 U.S. at 497, 106 S.Ct. 2639.

The opinion of the district court is **AFFIRMED.**