NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL FLORES,

Petitioner-Appellant,

v.

CHRISTIAN PFEIFFER, Warden

Respondent-Appellee.

No.  18-55344

D.C. No.
2:13-cv-03934-JLS-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine Staton, District Judge, Presiding

Submitted March 6, 2020[**]
Pasadena, California

Before:  HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[***] District
Judge.

While Daniel Flores was in jail after being arrested on drug charges, both he

and Jose Velasquez were surreptitiously recorded during conversations with a paid

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

confidential informant ("CI"). The CI introduced himself as a member of the Mexican Mafia, and stated that he had heard that attacks committed by Flores and Velasquez were drive-by shootings in violation of the Mafia's code of conduct. The CI stated that he was tasked with getting to the bottom of these rumors, and that their names would be cleared if they confirmed the attacks were not drive-by shootings. In response, Flores and Velasquez confessed to the crimes, but explained that they were not drive-by shootings.

Flores and Velasquez were tried separately in California state court. Both statements were admitted at Flores' trial and he was convicted of murder and attempted murder. After unsuccessfully pursuing direct appeals and state habeas relief, Flores filed a 28 U.S.C. § 2254 habeas corpus petition, which the district court denied. We have jurisdiction of Flores' appeal under 28 U.S.C. § 1291 and affirm.

1. Flores argues that his confession was coerced because the CI told him that his name was dirtied by rumors that he had committed drive-by-shootings, and that he could avoid any adverse consequences if he dispelled those rumors. The California Court of Appeal found that the CI did not threaten Flores, and that Flores did not confess out of fear. Considering the totality of the circumstances, the Court of Appeal's conclusion that Flores voluntarily confessed was not contrary to, or an unreasonable application of, clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000).

2. Flores argues that Velasquez's testimony was also coerced and improperly admitted at Flores' trial. Flores raised this argument on direct appeal to the California Court of Appeal but not in his petition for review to the California Supreme Court. Accordingly, when Flores subsequently raised this claim in a state habeas petition, the California Supreme Court summarily denied the petition, citing *In re Waltreus*, 397 P.2d 1001, 1005 (Cal. 1965), and *In re Dixon*, 264 P.2d 513, 514 (Cal. 1953). Given the *Waltreus* citation, this claim is procedurally barred from habeas review, and the record reveals no cause for the procedural default and no prejudice. *See Forrest v. Vasquez*, 75 F.3d 562, 563–64 (9th Cir. 1996); *see also Coleman v. Thompson*, 501 U.S. 722, 732, 750 (1991).

3. The district court correctly rejected Flores' argument that the Sixth Amendment was violated under the rule in *Massiah v. United States*, 377 U.S. 201, 203–04, 207 (1964), when he was questioned by the CI without the assistance of counsel. This claim fails because the CI questioned Flores regarding uncharged conduct, unrelated to the charge for which he was being detained, and therefore his right to counsel had not attached. *See Texas v. Cobb*, 532 U.S. 162, 167–68 (2001).

**AFFIRMED.**