[Crim. No. 14930. In Bank. July 26, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA NICHOLAS HILL, Defendant and Appellant.

## Counsel

Joshua Nicholas Hill, in pro. per., and Donald F. Roeschke, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**THE COURT.**—Defendant Joshua Nicholas Hill was convicted of first degree murder, assault with intent to commit murder, and first degree robbery. On the murder count the penalty was fixed at death. The judgment was affirmed. (*People* v. *Hill* (1967) 66 Cal.2d 536 [58 Cal.Rptr. 340, 426 P.2d 908].) The United States Supreme Court denied certiorari. Thereafter, under compulsion of *Witherspoon* v. *Illinois* (1968) 391 U.S. 510 [20 L.Ed.2d 776, 88 S.Ct. 1770], the judgment was reversed insofar as it imposed the death penalty and affirmed in all other respects. (*In re Hill* (1969) 71 Cal.2d 997 [80 Cal.Rptr. 537, 458 P.2d 449].) Upon retrial of the penalty issue defendant's punishment was again fixed at death. This appeal is automatic. (Pen. Code, § 1239, subd. (b).)

In *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880], we held that the death penalty violated our state constitutional

prohibition against cruel or unusual punishments. (Cal. Const., art. I, § 6.)[1] And in *Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726], the United States Supreme Court ruled that imposition of the death penalty in these circumstances contravened the federal Constitution. As defendant's death penalty must therefore be set aside, it is unnecessary to consider the claims of error arising out of his second penalty trial.

At the request of this court defendant's counsel reviewed the record of the guilt phase of the trial in order to determine whether there existed tenable grounds for attacking the judgment of guilt at this time. (See *People* v. *Ketchel* (1966) 63 Cal.2d 859, 866 [48 Cal.Rptr. 614, 409 P.2d 694].) Thereupon counsel advised us that he was "aware of no additional grounds for now attacking the judgment on the issue of guilt which have not already been briefed." Our examination of the briefs has disclosed one contention, raised by defendant himself in a supplemental brief filed in propria persona, which can be construed as an attack on the judgment of guilt—to wit, that evidence developed at the second penalty trial establishes that defendant's confession, introduced against him in the 1965 guilt trial, was admitted in violation of *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758].[2]

■ This contention must be rejected. Defendant had ample opportunity to establish the circumstances relative to an *Escobedo* violation when the subject confession was offered into evidence in the 1965 trial. On the basis of the circumstances that were disclosed this court held that *Escobedo* had not been violated. We also determined that the confession was voluntary. Now petitioner would have us re-examine our conclusion as to the *Escobedo* issue in the light of new evidence. This we decline to do. Although in *Ketchel* itself, as well as in *People* v. *Polk* (1965) 63 Cal.2d 443, 447-448 [47 Cal.Rptr. 1, 406 P.2d 641], we were not reluctant to re-examine judgments of guilt in light of *Escobedo* and *Dorado*, those were cases in which the defendant had had no opportunity to raise the constitutional issue at trial and on appeal and in which the judgment of guilt remained subject to review on certiorari by the United States Supreme Court. Here it is otherwise. Defendant has been afforded a full

---

[1]For the effect of article I, section 27, of the California Constitution on this issue, see *People* v. *Murphy* (1972) 8 Cal.3d 349, 352, footnote 2 [105 Cal.Rptr. 138, 503 P.2d 594].

[2]As we indicated on the previous appeal, ruling on the subject confession on the basis of the evidence in the appellate record, *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] is not applicable to the instant case because the trial commenced prior to the date of the *Miranda* decision. (*People* v. *Hill, supra,* 66 Cal.2d 536, 552.)

opportunity to litigate the consitutional issue at trial and, moreover, the judgment of guilt is long since final. In these circumstances we will not entertain what is in essence a collateral attack based upon an issue which does not relate to the guilt or innocence of the defendant. (Cf. *In re Sterling* (1965) 63 Cal.2d 486 [47 Cal.Rptr. 205, 407 P.2d 5].)

The judgment, insofar as it provides for the penalty of death, is modified to provide a punishment of life imprisonment and as so modified is affirmed.

**CLARK, J.,** Concurring.—Unpersuaded of the correctness of *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880], but compelled by the imperiled doctrine of stare decisis and by the authority of *Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726], I concur in modification of this judgment to life imprisonment.

**McCOMB, J.,** Concurring and Dissenting.—I concur in the majority opinion, except that, for the reasons expressed in my dissenting opinion in *People* v. *Anderson,* 6 Cal.3d 628, 657 [100 Cal.Rptr. 152, 493 P.2d 880], I dissent from the modification of the judgment. (See Cal. Const., art. I, § 27.)