**Willie Livingston HILL, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

No. 00–56480.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2002.

Filed July 29, 2002.

Jerry D. Whatley, Santa Barbara, CA, for the petitioner-appellant.

Erika D. Jackson, Deputy Attorney General, Los Angeles, CA, for the respondent-appellee.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## OPINION

PREGERSON, Circuit Judge.

Willie Livingston Hill ("Hill") filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The district court denied the petition as procedurally barred. We have jurisdiction under 28 U.S.C. § 2253, and affirm in part, reverse in part, and remand.

## I. FACTUAL AND PROCEDURAL HISTORY

Hill was convicted of being a felon in possession of a firearm, in violation of California law. He appealed his conviction to the California Court of Appeal, which affirmed the conviction. Hill then filed a petition for review with the California Supreme Court, which denied the petition. He then filed a state habeas petition, which was denied by the California Court of Appeal. The California Supreme Court denied Hill's habeas petition by issuing a letter that stated in full: "Petition for writ of habeas corpus is DENIED. (*In re Waltreus*, (1965) 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001; *People v. Hill*, (1973) 9 Cal.3d 784, 786, 787, 109 Cal.Rptr. 93, 512 P.2d 317.)".

Subsequently, Hill filed a petition for writ of habeas corpus in the federal district court. The court held that the California Supreme Court's citation to *In re Waltreus* did not bar federal court review. The court denied the petition, however, on

the ground that, by citing *People v. Hill*,[1] the California Supreme Court based its denial of state habeas relief on an independent and adequate state procedural bar.

We find that the district court's ruling was correct as to *In re Waltreus*. The court erred, however, when it placed on the petitioner the ultimate burden of proving that the California Supreme Court's citation to *People v. Hill* was an "independent and adequate" state procedural ground that would bar federal court review.

## II. PROCEDURAL DEFAULT

 Under the independent and adequate state grounds doctrine, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See also McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995). "Thus, the independent [and adequate] state grounds doctrine bars the federal courts from reconsidering the issue in the context of habeas corpus review as long as the state court explicitly invokes a state procedural bar rule as a separate basis for its decision." *McKenna*, 65 F.3d at 1488 (citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Accordingly, we must determine whether the California Supreme Court's denial of Hill's state habeas petition with a citation to *In re Waltreus* and *People v. Hill* rested on an independent and adequate state procedural ground. If so, Hill is procedurally barred from pursuing his claims in federal court.

 California's *In re Waltreus* rule provides that "habeas corpus ordinarily cannot serve as a second appeal." 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001, 1005 (Cal.1965). Thus, under the *In re Waltreus* rule the California Supreme Court will not review in a habeas petition any claim raised on direct appeal. The California Supreme Court's reliance on *In re Waltreus* does not, however, bar federal court review. In *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), the United States Supreme Court held that an *In re Waltreus* citation is neither a ruling on the merits nor a denial on procedural grounds and, therefore, has no bearing on a California prisoner's ability to raise a federal constitutional claim in federal court. *Id.* at 805, 111 S.Ct. 2590. *See also Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir.1996). Accordingly, we affirm the district court's ruling that the California Supreme Court's citation to *In re Waltreus* did not bar federal court review.

 California's *People v. Hill* rule stands for the proposition that a petitioner may not raise an issue in a state habeas petition that has been litigated at trial and considered on direct appeal unless it relates to innocence or guilt. 9 Cal.3d 784, 109 Cal.Rptr. 93, 512 P.2d 317, 319 (Cal. 1973). "To be 'adequate,' the state procedural rule [i.e., the *People v. Hill* rule] must be 'strictly or regularly followed' and 'consistently applied.'" *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir.2001) (citing *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996)).

The district court placed the burden of establishing that the state procedural rule was not "strictly or regularly followed" and "consistently applied" on the petitioner. The district court concluded, without further discussion, that the *Hill* rule was

---

1. *People v. Hill* has no relation to petitioner Hill.

well-established and consistently applied at the time of Hill's default, and noted that, "Petitioner has presented no evidence that the California courts did not apply the *Hill* procedural bar consistently at that time, and the record contains none." The district court erred in placing the ultimate burden on the petitioner.

 We recently held in *Bennett v. Mueller*, 296 F.3d 752, 763 (9th Cir.2002), that the State bears "the burden of demonstrating that . . . the state procedural rule has been regularly and consistently applied in habeas actions." In *Bennett*, we recognized that the question where the ultimate burden of proof lies is a matter of first impression in this circuit. *Id.* at 761. Accordingly, in that case, we remanded to the district court for a determination whether the state procedural bar at issue was adequate under the correct burden of proof standard:

> the ultimate burden of proving the adequacy of the California state bar is upon the State of California . . . . Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place hat defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 763.

▪ Accordingly, because the Ninth Circuit only recently articulated the burden of proof in cases concerning state procedural bars, and because the district court erroneously placed the ultimate burden of proof on petitioner, we remand, based on the principles set forth in *Ben-*

*nett,* for a determination whether the *People v. Hill* rule is an adequate state procedural bar.

We AFFIRM the district court as to its conclusion regarding the *In re Waltreus* rule and REVERSE the district court as to its conclusion regarding the *People v. Hill* rule. We REMAND to the district court for a determination whether the *People v. Hill* procedural rule is an adequate state ground under the burden of proof principles set forth in *Bennett.*

**AFFIRMED in part; REVERSED in part; and REMANDED.**