Eugene PROTSMAN, Petitioner,

v.

Cheryl K. PLILER, Warden, Respondent.

No. 02–CV–1601 W(POR).

United States District Court, S.D. California.

April 13, 2004.

Eugene Protsman, Lancaster, CA, pro se.

Attorney General, State of California Office of the Attorney General, San Diego, CA, for Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

WHELAN, District Judge.

On August 9, 2002 Petitioner Eugene Protsman ("Petitioner"), a state prisoner proceeding *pro se*, commenced 28 U.S.C. § 2254 habeas proceedings. On November 20, 2002 Respondent Cheryl K. Pliler ("Respondent") moved to dismiss the Petition as unexhausted and procedurally barred.

On October 14, 2003 United States Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("Report"), recommending that Respondent's motion to dismiss Claim One as unexhausted be denied, but that the Court dismiss Claim Two as procedurally barred. On December 30, 2003 Petitioner filed objections to the Report.

The Court decides the matter on the papers submitted and without oral argument. *See* Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court adopts the Report and **DENIES** Respondent's motion to dismiss for failing to exhaust state remedies, and **GRANTS** Respondent's motion to dismiss Claim Two as procedurally barred.

## I. BACKGROUND

A jury found Petitioner guilty of first degree murder. The jury also found present the special circumstance of robbery and a deadly weapon enhancement. On May 24, 1999 Petitioner received life in prison without parole. Petitioner appealed on the sole basis that the trial court improperly excluded expert testimony. On March 13, 2001 the Court of Appeal affirmed. Petitioner then filed a petition for review with the California Supreme Court, raising the same issue. On June 13, 2001 the California Supreme Court denied the petition for review.

On January 16, 2002 Petitioner sought habeas relief in the California Supreme Court. In the petition, Petitioner claimed that the admission of incriminating statements violated the Fifth and Fourteenth Amendments. On May 1, 2002 the Court denied the petition without comment, "[the] Petition for writ of habeas corpus is DENIED. (*In re Dixon* (1953) 41 Cal.2d 756, 759, 264 P.2d 513)." On August 9, 2002 Petitioner commenced these federal habeas proceedings. The government now seeks to dismiss.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989); *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). If neither party contests the magistrate's findings of fact, "the district court may assume their correctness and decide the matter on the applicable law." *Remsing,* 874 F.2d at 617.

## III. ANALYSIS

Having read and considered the papers submitted, including Petitioner's objections, the Court concludes that the Report presents a well-reasoned analysis of the issues raised. The Report correctly determined that Petitioner has exhausted state remedies with respect to Claim One. Neither Petitioner nor Respondent have filed objections contesting this conclusion, and the Court adopts the Report's finding. thereon. Accordingly, the Court denies Respondent's motion to dismiss Claim One. However, the Court further agrees with the Report's conclusion that Claim Two is procedurally barred such that dismissal is warranted.

Petitioner' second claim for relief is that incriminating statements were admitted as evidence against him in violation of the Fifth and Fourteenth Amendments. The Report determined this claim is procedurally barred based on the California Supreme Court's citation to *In re Dixon,* 41 Cal.2d 756, 264 P.2d 513 (1953) in its postcard denial.

■■■ The procedural default doctrine provides that "[w]hen a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas" absent a showing of cause and prejudice. *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994). Accordingly, a state prisoner who does not satisfy the state procedural requirements gives up his right to present his federal claim in federal habeas. *Murray v. Carrier,* 477 U.S. 478, 485–92, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Federal courts will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is *independent* of the federal claim and *adequate* to support the judgment.

## A. INDEPENDENT STATE LAW GROUNDS

■■ First, this Court must determine whether the California Supreme Court's decision denying Petitioner's habeas petition rested solely on state law grounds. For a state procedural rule to be "independent," the state law ground must not be "interwoven with the federal law." *Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). If the state ground is interwoven with federal law, then it may fairly be said that the state examined the federal claim. *Park v. California,* 202 F.3d 1146, 1152 (9th Cir. 2000). A state law ground is interwoven with federal law if the state has made the application of the procedural bar dependant on an antecedent ruling of federal law. *Id.* An example of such an antecedent ruling would be the determination of

whether federal constitutional error has been committed. *Id.*

Here, when denying Petitioner's writ of habeas corpus, the California Supreme Court cited to *In re Dixon*, 41 Cal.2d 756, 759, 264 P.2d 513 (1953). The Court specifically provided a pinpoint cite which provides that "[t]he general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." *Id.* at 759, 264 P.2d 513. Thus, the state procedural bar lies when a petitioner fails to raise the habeas issue in his or her direct appeal. Subsequently, the California Supreme Court identified four exceptions to the *Dixon* rule, one of which applies when there is a "fundamental constitutional error." *In re Harris*, 5 Cal.4th 813, 829–30, 21 Cal. Rptr.2d 373, 855 P.2d 391 (1993).

Prior to the California Supreme Court's *In re Robbins* decision, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), the Ninth Circuit consistently held that in determining whether *Dixon*'s "fundamental constitutional error" exception applies, the state must necessarily look to federal law. *Park*, 202 F.3d at 1152. In fact, *Harris* held that fundamental constitutional error implicates "the individual's right ... to a fair trial under both the state and federal Constitutions." In a later case, the California Supreme Court stated, "[w]hen, in our orders, we impose the bars of *Dixon* ... this signifies that we have concluded that none of the four exceptions set out in *In re Harris* apply." *Robbins*, 18 Cal.4th at 815, 77 Cal.Rptr.2d 153, 959 P.2d 311. Therefore, in deciding whether "fundamental constitutional rights" include federal-law issues, the denial of a habeas petition citing to *Dixon* is not independent of federal law and does not preclude federal habeas review.

However, this does not end the inquiry. In 1998, the California Supreme Court clarified that it now declines to consider federal law when determining whether claims are procedurally defaulted. *Robbins*, 18 Cal.4th at 811–12, 77 Cal.Rptr.2d 153, 959 P.2d 311. The Court stated that if it finds a claim is procedurally defaulted, it will do so solely upon state law grounds. *Id.* After reaching this holding the Court went on to say, "[w]e are aware that federal courts will not honor bars that rest 'primarily' on resolution of the merits of federal claims, or that are 'interwoven' with such claims." *Id.* at n. 32. Thus, the California Supreme Court made it explicitly clear that it will deny habeas claims as procedurally defaulted independent of federal law.

The Ninth Circuit has yet to decide whether a post-*Robbins* application of the *Dixon* rule is independent of federal law. *See Park*, 202 F.3d at 1153. However, the Ninth Circuit recently held that after *Robbins*, California's untimeliness procedural bar was independent of federal law. *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003). Like the *Dixon* rule prior to *Robbins*, California courts had routinely considered the federal constitutional merits of claims when deciding whether to apply exceptions to the untimeliness bar. The *Bennett* court noted that after *Robbins*, California courts can no longer consider federal law in making an untimeliness determination. *Id.* Thus, the Ninth Circuit concluded that a post-*Robbins* application of the untimeliness rule is now independent of federal law. *Id.* at 581–82.

■ This Court agrees that the rationale employed in *Bennett* also applies to the application of the *Dixon* bar. Like the untimeliness bar, *Robbins* held that California courts can no longer consider feder-

al law when determining if the *Dixon* bar applies. It follows that California's procedural bar now rests on independent state law grounds unless noted otherwise. Because Petitioner was convicted after *Robbins* was issued, the California Supreme Court must have only looked to state law in deciding that Petitioners's claim two was barred by *Dixon*. The application of the *Dixon* bar in this case was not "interwoven with federal law" and accordingly, the Court finds that the *Dixon* bar is independent.

Petitioner asserts, in response to the independency requirement, that *Robbins* appears to be in direct conflict with the Ninth Circuit's decision in *Park*. However, Petitioner misinterpreted *Park*'s holding. Petitioner claims that *Park* held that the *Dixon* bar is not independent of federal law because state courts often consider federal law in deciding whether to apply a *Dixon* exception. In fact, the *Park* court specifically held that in that case the petitioner's habeas petition was denied before *Robbins* was decided and that, "[w]e do not decide here whether Robbins establishes the independence of California's Dixon rule for the future. *Robbins* is clear, however, that its new approach is prospective, and would not have applied when the California Supreme Court denied Park's habeas petition." *Park*, 202 F.3d at 1153. Thus, *Park* does not hold, as Petitioner asserts, that habeas petitions denied after *Robbins* are not independent of federal law.

Petitioner next claims that the *Robbins* rule that California will not consider federal law "is tantamount to an official judicial declaration, that the California Supreme Court will openly defy the constitutional dictates of the Supremacy Clause." This argument additionally fails. Nothing in the *Robbins* decision states, nor endorses the view that California should defy, or is even permitted to defy, federal law in rest-

ing their decisions on state law. It is true, as Petitioner points out, that when there is a conflict between state and federal law with respect to a constitutional issue, federal law must prevail. Here, however, there is no such conflict, and Petitioner has failed to identify exactly how the California Supreme Court's decision conflicted with federal law. Thus, the California Supreme Court did not violate the Supremacy Clause.

## B. ADEQUACY OF STATE PROCEDURAL BAR

█ Petitioner next objects to the Report's conclusion that the *Dixon* bar was adequate. Specifically, Petitioner argues that the *Dixon* bar has not been regularly and consistently applied. A state procedural rule is adequate if it is clear, well-established, and regularly applied. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir.2004).

Petitioner points this Court to *In re Sanders*, 21 Cal.4th 697, 708, 87 Cal. Rptr.2d 899, 981 P.2d 1038 (1999), for the proposition that the *Dixon* untimeliness bar has not been consistently applied. However, the *Dixon* untimeliness bar is simply not at issue in this case, and the Court need not address this issue. Petitioner's habeas claim was filed within the requisite filing period. However, the problem was not untimeliness-it was the fact that Petitioner failed to raise the issue in his direct appeal-a procedural requirement. The *Dixon* citation was specifically to page 759 whereby the California Supreme Court held that "the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." This specific citation reveals that the California Supreme Court denied Petitioner's habeas petition, not because it was untimely, but because Petitioner failed to raise the issue

that the admission of incriminating statements violated the Fifth and Fourteenth Amendments in his direct appeal.

Accordingly, for the reasons stated above, the Court **GRANTS** Respondent's motion to dismiss Claim Two as procedurally barred.

## IV. *CONCLUSION AND ORDER*

In light of the foregoing, the Court **ADOPTS** the Report. For the reasons stated in the Report, which are incorporated herein by reference, the Court **DENIES** Respondent's motion to dismiss Claim One and **GRANTS** Respondent's motion to dismiss Claim Two. (Doc. No. 12–1.)

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 12]

PORTER, United States Magistrate Judge.

Eugene Protsman ("Petitioner" or "Protsman"), a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Protsman challenges his San Diego Superior Court conviction in case number SE178883. Respondent has filed a motion to dismiss the petition [Doc. No. 12]. After thorough review of the Petition and Respondent's motion to dismiss, and supplemental briefs, this Court recommends the motion be granted in part, and denied in part.

## I. *STATE COURT PROCEEDINGS*

On October 9, 1997, the San Diego District Attorney filed an information charging Petitioner with one count of murder, in violation of California Penal Code section 187. In the information, the District Attorney also alleged special circumstances, namely, that Petitioner committed the murder while engaging in a robbery and burglary. Cal.Penal Code § 12022(b)(1). Petitioner was also charged with personal use of a deadly weapon. Cal.Penal Code § 12022(b)(1). (*See* Respt.'s Lodgement 1 at 4.)

A jury found Protsman guilty of first degree murder, and also found true the robbery special circumstance and the deadly weapon enhancement. On May 24, 1999, the trial court sentenced Petitioner to life without the possibility of parole. (*See* Respt.'s Lodgement 1 at 4.)

Protsman filed an appeal in the California Court of Appeal, Fourth Appellate District, Division One, raising a single claim. He argued the trial court improperly excluded expert testimony. (*See* Respt.'s Lodgment 1, ex. A.) On March 13, 2001, the court of appeal affirmed the judgment.[1] (*Id.*) Petitioner filed a petition for review in the California Supreme Court, raising the same issue. (Respt.'s Lodgment 1.) The court denied the petition on June 13, 2001. (Respt.'s Lodgment 2.)

On January 16, 2002, Petitioner filed a petition for habeas corpus in the California Supreme Court. (Respt.'s Lodgment 3.) In his petition, Protsman claimed that the admission of incriminating statements violated the Fifth and Fourteenth Amendment of the United States Constitution. The supreme court denied the petition on

1. The opinion of the court of appeal was originally unpublished. However, after the opinion was filed, the Attorney General requested that the opinion be published. The court of appeal granted the request and the

opinion was published on April 11, 2001. (*See* Respt.'s Lodgment 1 at Ex. A.) The California Supreme Court later ordered the opinion depublished on June 13, 2001. (*See* Respt.'s Lodgment 2.)

May 1, 2002, by an order which stated in full: "Petition for writ of habeas corpus is DENIED. (*In re Dixon* (1953) 41 Cal.2d 756, 759, 264 P.2d 513.)" (Respt.'s Lodgment 4.)

## II. *FEDERAL COURT PROCEEDINGS*

On August 9, 2002, Protsman filed a petition for writ of habeas corpus in this Court. The Court dismissed the petition for failure to name a proper respondent. Protsman filed an amended petition on October 7, 2002, correcting the deficiency. In this Petition, Protsman raises two claims. In Claim One, Protsman asserts that exclusion of expert testimony violated his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution. (*See* Petition Memorandum ("Pet.Mem.") at 3–8.) In Claim Two, Protsman claims his statements to the police were admitted at trial in violation of his Fifth and Fourteenth Amendment rights. (*See id.* at 8–18.)

Respondent filed a Motion to Dismiss the petition. Initially, Protsman did not file an opposition to the motion. However, on February 7, 2003, this Court ordered supplemental briefing [Doc. No. 15]. Protsman filed a supplemental brief on August 1, 2003 [Doc. No. 21]; and on September 19, 2003, Respondent filed a response [Doc. No. 25].

## III. *DISCUSSION*

Respondent raises two arguments in support of the motion to dismiss. First, Respondent argues that Claim One is unexhausted. (*See* Respt.'s Mem. of P. & A. in Supp. of Mot. to Dismiss ("Respt.'s Mot.") at 2–4.) Respondent also asserts that Claim Two must be dismissed because it is procedurally barred. (*See id.* at 5–7.)

### A. Exhaustion

■ The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. 28 U.S.C.A. § 2254(b) (West Supp.2003); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *McQueary v. Blodgett,* 924 F.2d 829, 833 (9th Cir.1991). The exhaustion requirement is based on a policy of federal-state comity and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). This requirement "prevent[s][the] disruption of state judicial proceedings." *Rose,* 455 U.S. at 518, 102 S.Ct. 1198. It also serves "the interests of judicial economy." *Batchelor v. Cupp,* 693 F.2d 859, 862 (9th Cir.1982).

■ To satisfy the exhaustion requirement, a federal habeas petitioner must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (quoting *Picard,* 404 U.S. at 276–77, 92 S.Ct. 509). Also, the petitioner must have " 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson,* 459 U.S. at 6, 103 S.Ct. 276 (quoting *Picard,* 404 U.S. at 275, 277–78, 92 S.Ct. 509). The Supreme Court has stated "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard,* 404 U.S. at 275–76, 92 S.Ct. 509. Instead, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* at 276, 92 S.Ct. 509.

In Claim One, Protsman alleges his Sixth and Fourteenth Amendment rights were violated by the trial court's exclusion of certain defense evidence. (*See* Pet. at

3–8.) Respondent argues this claim is unexhausted because Protsman "never asserted a violation of his federal constitutional rights [with regard to Claim One] when he raised a related claim before the California Supreme Court." (Respt.'s Mot. at 2.) Respondent states further:

> [Protsman] simply claimed that the trial court's ruling conflicted with state law governing when a new scientific procedure must be shown to have gained general acceptance in the relevant scientific community. Petitioner never even mentioned any federal constitutional provisions, let alone argued a violation of his rights to present a defense or to due process and a fair trial.

(Respt.'s Mot. at 4.) Therefore, Respondent argues, Protsman's claim must be dismissed as unexhausted.

■ Respondent's contention is not supported by the record. In his petition for review to the California Supreme Court, Protsman stated: "[Petitioner] argued below, and reasserts here, that the exclusion of this relevant and critical defense evidence denied him Sixth and Fourteenth Amendments right to present a complete defense. (See *Crane v. Kentucky* (1986) 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636)." (Respt.'s Lodgment 1 at 8, n. 8.) Thus, contrary to Respondent's claim, Petitioner *did* provide the California Supreme Court with a fair opportunity to consider the substance of Claim One. *See Anderson,* 459 U.S. at 6, 103 S.Ct. 276. As he does in Claim One of his federal petition, Protsman alleged before the state supreme court that his federal constitutional rights under the Sixth and Fourteenth Amendments were violated by the exclusion of defense evidence. Protsman also cited a United States Supreme Court case in support of his contention. This is more than enough to satisfy the exhaustion requirement. *See id.; see also Sanders v. Ryder,* 342 F.3d 991 (9th Cir.2003).

This Court finds that Protsman has exhausted Claim One and therefore, the Court recommends Respondent's Motion to Dismiss Claim One for failure to exhaust be DENIED.

**B. Procedural Default**

Respondent argues that Protsman's claim that incriminating statements were admitted as evidence in violation of his Fifth and Fourteenth Amendment rights (Claim Two), is procedurally defaulted. Specifically, Respondent asserts that the California Supreme Court's citation to *In re Dixon* 41 Cal.2d 756, 264 P.2d 513 (1953) in its denial of Protsman's state habeas petition which contained the claim constitutes a procedural bar to federal review of Claim Two.

The procedural default doctrine 'bar[s] federal habeas when a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" *Calderon v. United States District Court (Bean),* 96 F.3d 1126, 1129 (9th Cir.1996) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The doctrine " 'is a specific application of the general adequate and independent state grounds doctrine.'" *Bean,* 96 F.3d at 1129 (quoting *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994)). Under the adequate and independent state grounds doctrine, federal courts " 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Bean,* 96 F.3d at 1129 (quoting *Coleman,* 501 U.S. at 729, 111 S.Ct. 2546). *See also Hill v. Roe,* 298 F.3d 796, 798 (9th Cir.2002); *Park v. California,* 202 F.3d 1146, 1151 (9th Cir.2000).

The Ninth Circuit has held that the government has the burden of proving the

independence and adequacy of the state procedural bar, stating:

> [W]e conclude that the ultimate burden of proving the adequacy of the California state bar is upon the State of California.... Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual citation to authority demonstrating inconsistent application of the rule. Once having done so, the ultimate burden is the state's.

*Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir.2003).

### 1. The *Dixon* Rule

The state procedural rule at issue in this case is found in *In re Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953). The *Dixon* rule provides that "a convicted defendant desiring to bring claims in a state habeas petition, must, if possible, have pursued the claims on direct appeal from his conviction." *Park v. California*, 202 F.3d 1146, 1151 (2000) citing *Dixon*, 41 Cal.2d 756, 264 P.2d 513.

In the years after deciding *Dixon*, the California Supreme Court established exceptions to the *Dixon* rule and other state procedural bars. These exceptions, however, became "undefined and imprecise" over the years and as a result, in 1993, the California Supreme Court decided *In re Harris*, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993) and *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). *See Park*, 202 F.3d at 1152. The holdings of these two cases were "designed to govern California courts' exercise of discretion when applying, respectively, (1) the *Dixon* default rule, and (2) the long-standing but unclear bar of 'untimeliness' for recently discovered claims not apparent from the record." *Id.* at 1151–52. The decisions were intended to "reestablish California's procedural rules governing state habeas petitions and clearly define and limit the applicable exceptions." *Fields v. Calderon*, 125 F.3d 757, 763–64 (9th Cir.1997). In *Harris*, the court recognized and defined four exceptions to the *Dixon* rule: "(1) 'fundamental constitutional error,' (2) lack of 'fundamental jurisdiction' by the trial court over the petitioner, (3) the trial court's 'acting in excess of jurisdiction,' and (4) an intervening 'change in the law.'" *Park*, 202 F.3d at 1152; *see also Fields*, 125 F.3d at 763 (quoting *Harris*, 5 Cal.4th at 829–42, 21 Cal.Rptr.2d 373, 855 P.2d 391.)

This Court must now determine whether the California Supreme Court's application of the *Dixon* bar and its exceptions constitutes an independent and adequate state ground. *See Bean*, 96 F.3d at 1129.

#### a. Independence

The Ninth Circuit has explained that "[f]or a state procedural rule to be 'independent,' the state law grounds for decision must not be 'interwoven with the federal law.'" *Park*, 202 F.3d at 1152 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)). A state law ground is interwoven with federal law if "'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park*, 202 F.3d at 1152 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).

Respondent argues in her motion to dismiss and supplemental brief, that *Dixon* is independent because California courts no longer consider federal law when applying the rule. Previously, the Ninth Circuit determined that the *Dixon* rule was *not*

independent because state courts often considered federal law in deciding whether to apply one of the exceptions. *Park,* 202 F.3d at 1153. However, in *Park,* the Ninth Circuit observed that in 1998 the California Supreme Court significantly altered the application of the *Dixon* rule. In *In re Robbins,* 18 Cal.4th 770, 811–12, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), the supreme court made it clear that it would no longer consider federal law in applying the *Dixon* rule and its exceptions.

The Ninth Circuit has yet to determine whether "*Robbins* established the independence of California's *Dixon* rule for the future." *Park,* 202 F.3d at 1153. The court, however, did imply that after *Robbins,* the analysis would be different:

> The California Supreme Court has adopted in *Robbins* a stance from which it will now decline to consider federal law when deciding whether claims are procedurally defaulted.... The purpose of this approach was to established the adequacy and independence of the State Supreme Court's future *Dixon/Robbins* rulings and to indicate that a prisoner seeking collateral relief with respect to new federal claims no longer had any recourse to exhaust in the state courts....*Robbins* is clear, however, that its new approach is prospective.

*Id.* at 1152–53 n. 4.

Although the Ninth Circuit has not determined whether a post-*Robbins* application of the *Dixon* rule is independent, the court addressed a similar issue in *Bennett v. Mueller,* 322 F.3d 573 (9th Cir.2003). In *Bennett,* the court determined that after *Robbins,* California's untimeliness procedural bar was independent of federal law. *Bennett,* 322 F.3d at 581. The court noted that before *Robbins,* California courts had routinely considered the federal constitutional merits of claims when determining whether to apply exceptions to the untimeliness bar. However, the court in *Bennett*

observed that *after Robbins,* California courts could no longer consider federal law in making such determinations. *Id.* (citing *Robbins,* 18 Cal.4th at 811–12, 77 Cal. Rptr.2d 153, 959 P.2d 311.) Because of the new prospective approach set forth in *Robbins,* the Ninth Circuit concluded that a post-*Robbins* application of the untimeliness rule was an independent state ground. *Id.* at 581–82.

The Court finds the rationale of *Bennett* also applies to application of the *Dixon* bar in this case. As with the untimeliness bar, *Robbins* established that California courts could no longer consider federal law in determining whether to apply the *Dixon* rule and its exceptions. *Robbins,* 18 Cal.4th at 811–12, 77 Cal.Rptr.2d 153, 959 P.2d 311. Protsman was convicted after *Robbins* was decided. Thus, the California Supreme Court looked only to state law in making its determination that Protsman's claim was barred by *Dixon.* *Id.*

Respondent has pled the independence of the *Dixon* rule in this case. (*See* Respt.'s Mot. at 5–7; *see Bennett,* 322 F.3d at 585–86.) For his part, Protsman argues only that his claim is not barred because the state decision "fairly appears to rest primarily on federal law, or to be interwoven with federal law." (Pet'r Supp. Br. at 4.) He offers no "specific factual citation to authority demonstrating" that the rule is not independent. *Bennett,* 322 F.3d at 585–86. Therefore, the Court finds Respondent has satisfied the burden of proof. *See id.* The post-*Robbins* application of the *Dixon* bar in this case was not "interwoven with federal law" and accordingly, this Court finds that the *Dixon* bar is independent.

### b. Adequacy

For a state procedural rule to be adequate, it must be "well-established and consistently applied." *Bennett,* 322 F.3d

at 583 (citing *Poland v. Stewart,* 169 F.3d 573, 577 (9th Cir.1999)) (stating that state law ground must be well-established and consistently applied to be adequate); *Fields,* 125 F.3d at 760, 762 (quoting *Ford v. Georgia,* 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)) (stating that state procedural rule must be firmly established, regularly followed and consistently applied to be adequate).

The Ninth Circuit has previously held that the *Dixon* rule was inadequate. In *Fields,* the court concluded that

> because the California Supreme Court explicitly acknowledged [in *In re Harris,* 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993)] its application of the ... *Dixon* rule[ ] had become obscured over the years by the development of a number of exceptions, requiring the court to provide needed guidance to the bench and bar regarding the application of these rules, we conclude that the *Dixon* rule is not an adequate state ground to bar federal habeas review of Fields' defaulted claim.

*Fields,* 125 F.3d at 763. However, *Fields* is distinguishable from the case before this Court because, unlike here, the court in *Fields* was concerned with the adequacy of the *Dixon* rule *before Harris* was decided in 1993.

Respondent asserts that *Harris* established the consistency of application of the *Dixon* bar. (*See* Supp. Br. at 4–6.) As Respondent points out, *Harris* had been the law for six years when Protsman's initiated his appeal in 1999. Thus, the *Dixon* rule and the parameters of its exceptions were well-established when the court applied the bar to Protsman's claim. Moreover, although the Ninth Circuit concluded that the *Dixon* rule was inconsistently applied before *Harris,* the court also observed that *Harris* was "intended to reestablish California's procedural rules regarding state habeas petitions and clear-

ly define and limit the applicable exceptions." *Fields,* at 763–64. Thus, it appears that *Harris* was intended to make application of the *Dixon* bar consistent among California courts.

Respondent has satisfied her initial burden of pleading the adequacy of the *Dixon* bar. (*See* Supp. Br. at 4–6.) Once the state has pled the adequacy of a state procedural rule, the burden of proof shifts to petitioner to set forth "specific factual citation[s] to authority demonstrating inconsistent application of the rule." *Bennett,* 322 F.3d at 586. Protsman, however, has failed to offer any authority to support his assertion that the *Dixon* rule is inconsistently applied. He merely states the general rule that "application of the state procedural rule must provide adequate and independent state law basis." (Pet'r Supp. Br. at 4.) This is insufficient to satisfy Protsman's burden. *See Bennett,* 322 F.3d at 586.

Protsman failed to satisfy his burden and therefore the Court finds the application of the *Dixon* rule in this case was adequate. *Id.; see also Fields,* 125 F.3d at 760, 762; *Poland,* 169 F.3d at 577. Moreover, because the Court finds the *Dixon* bar is independent and adequate. Protsman is procedurally barred from bring Claim Two in his federal petition.

### 2. Fundamental Miscarriage of Justice

The Supreme Court has held that a petitioner can obtain federal habeas review of a procedurally defaulted claim if the he can show cause for the default and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *see also Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Protsman, however, makes no such showing in this case.

Protsman makes no attempt to show cause or prejudice. Instead, it appears Protsman is attempting to assert that a fundamental miscarriage of justice would occur if he were prevented from bringing his Fifth Amendment claim (Claim Two). Protsman states that he was "clearly coerced into a confession in violation of the Fifth Amendment protection against self incrimination." He asserts he stated that his "Attorneys [ ] are telling me not to say anything, I don't want to say anything unless they are here." (Pet.'s Supp. Brief at 4.)

To permit consideration of procedurally defaulted claims under the miscarriage of justice exception, a petitioner must show a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). To satisfy this, Protsman must show "that, in light a[ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329, 115 S.Ct. 851. However, Protsman merely reasserts the basis for his claim that his Fifth Amendment rights were violated. Protsman offers no new evidence that shows he is actually innocent. Thus, he fails to show a fundamental miscarriage of justice.

Accordingly, this Court finds that Claim Two is barred from federal habeas review. Therefore, the Court recommends Respondents Motion to Dismiss Claim Two be **GRANTED**.

## V. *CONCLUSION AND RECOMMENDATION*

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) denying Respondents' motion to dismiss Claim One as unexhausted, (2) granting Respondents' motion to dismiss Claims Two as procedurally barred. .

**IT IS ORDERED** that no later than *November 21, 2003,* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *December 15, 2003.* The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir.1998); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir.1991).