**Patrick LLOYD, Petitioner—Appellant,**

v.

**R.Q. HICKMAN, Respondent—Appellee.**

No. 03–56386.

D.C. No. CV–99–12152–SVW(Mc).

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2004.*

Decided Oct. 21, 2004.

---

2. *Id.*

3. *See* CAL. CIVIL CODE § 1691.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Patrick Lloyd, Calipatria, CA, pro se.

Erika Denice Jackson, Esq., Los Angeles, CA, for Respondent–Appellee.

Before T.G. NELSON, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM **

Patrick Lloyd appeals the district court's denial of his writ of habeas corpus for an alleged Confrontation Clause violation. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Lloyd's claim was exhausted and is not procedurally barred.[1] The California Supreme Court's denial of a state habeas petition by citing *In re Waltreus*[2] is not a dismissal based on procedural grounds.[3]

The trial court's admission of pretrial testimony despite limitations on defense cross-examination did not run contrary to, nor was it an unreasonable application of, Supreme Court precedent existing at the time of the state court's decision.[4] Lloyd relies on *Delaware v. Van Arsdall*,[5] and *Davis v. Alaska*,[6] cases in which the failure to allow cross-examination violated the Confrontation Clause by depriving the jury of facts necessary for its credibility determination.[7] This case is distinguishable because the jury heard all of the facts that the foreclosed line of cross-examination would have disclosed and consequently the jury was not deprived of any facts upon which to base its credibility determination.[8] The Confrontation Clause demands no more than this. Accordingly, we affirm.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

2. 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (Cal.1965).

3. *See Hill v. Roe*, 321 F.3d 787, 789 (9th Cir.2003).

4. *See* 28 U.S.C. § 2254(d); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.2003). At the time of the state court decision in this case, the Supreme Court had not yet decided *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Consequently, *Crawford* has no bearing on this case.

5. 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

6. 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1973).

7. *See Van Arsdall*, 475 U.S. at 679, 106 S.Ct. 1431; *Davis*, 415 U.S. at 318, 94 S.Ct. 1105.

8. *See Van Arsdall*, 475 U.S. at 679, 106 S.Ct. 1431.