Victor **SANCHEZ**, Petitioner,

v.

Stuart J. **RYAN**, Warden, Respondent.

**No. CV04–08228 AHS (RZ).**

United States District Court,
C.D. California.

Sept. 7, 2005.

Victor Sanchez, Calipatria, CA, pro se.

J. Michael Lehmann, CAAG–Office of Attorney General of California, Los Angeles, CA, for Respondent.

### JUDGMENT

STOTLER, District Judge.

This matter came before the Court on the First Amended Petition of VICTOR SANCHEZ for a writ of habeas corpus. Having reviewed the First Amended Petition and supporting papers, and having accepted the Report and Recommendation of the United States Magistrate Judge,

IT IS ORDERED AND ADJUDGED that the First Amended Petition is denied and the action is dismissed with prejudice.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Petitioner has not filed any written objections to the Report. The Court accepts the Magistrate Judge's Report and adopts it as its own findings and conclusions.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ZAREFSKY, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California, the undersigned submits this Report and Recommendation to the Honorable Alicemarie H. Stotler, United States District Judge. The undersigned recommends that the Motion to Dismiss be granted and the First Amended Petition for Writ of Habeas Corpus be dismissed.

### I.

On November 19, 2001, Petitioner Victor Sanchez was convicted in Los Angeles County Superior Court of two counts of carjacking and one count of robbery with the personal use of a weapon (CAL. PENAL CODE §§ 215(a), 211, 12022.53(b)) and was sentenced to nineteen years and four months in state prison. (Motion to Dismiss, Exh. A.) Petitioner appealed his conviction and ultimately the California Supreme Court denied his Petition for Review on December 11, 2002. (Motion to Dismiss, Exhs. B, C.)

Petitioner filed a previous Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) in this Court on July 21, 2003 (case no. CV 03–05167 AHS (RZ)). On December 19, 2003, the Court dismissed the petition as unexhausted. On October 30, 2003, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court which the court denied on August 11, 2004. (Motion to Dismiss, Exhs. D, E.)

Petitioner filed the Petition for Writ of Habeas Corpus initiating the present action in this Court on October 1, 2004. The Court dismissed the petition with leave to amend on November 1, 2004 and Petitioner filed the First Amended Petition for Writ of Habeas Corpus under consideration herein on January 3, 2005. Respondent moved to dismiss the First Amended Petition as containing only a defaulted claim and/or a claim upon which relief may

not be granted. Petitioner has opposed Respondent's motion.

Respondent's motion to dismiss should be granted, as explained below.

## II.

■ Petitioner raises a single claim in the First Amended Petition: the trial court violated his federal constitutional rights when it instructed the jury with CALJIC No. 2.04.[1] (*See* First Amended Petition, at 11–16.) Respondent is incorrect that Petitioner presents only a state law claim to this Court; Petitioner adequately has pleaded a federal constitutional violation in the First Amended Petition. Respondent is correct, however, that Petitioner's sole claim is procedurally defaulted such that federal habeas relief is barred.

Petitioner raised his federal due process claim in his state habeas petition filed in the California Supreme Court in 2003. (*See* Motion to Dismiss, Exh. D, at 32–36, 42.) That court denied the petition, containing only the same claim presented here, with citation to *In re Waltreus*, 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965) and *In re Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953). (Motion to Dismiss, Exh. E.) Respondent argues that the citation to *In re Dixon* is a procedural denial which precludes review in this Court. A citation to *Dixon* signifies that a claim was denied on habeas review because it could have been, but was not, raised on direct appeal. *Dixon*, 41 Cal.2d at 759, 264 P.2d 513; *In re Robbins*, 18 Cal.4th 770, 778 n. 1, 814 n. 34, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998).

■ In order for a state court denial based on a procedural rule to bar federal review, the state rule must constitute an "adequate and independent state ground" for denying Petitioner's claims. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). For a state rule to be "adequate," it must have been "well-established and consistently applied" at the time it was applied by the state court in Petitioner's case. *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir.), *cert. denied*, 540 U.S. 938, 124 S.Ct. 105, 157 L.Ed.2d 251 (2003).

Respondent argues that the citation to *Dixon* shows that the California Supreme Court denied Petitioner's claim with an adequate and independent state rule. Respondent does not, nor could he, contend that the citation to *In re Waltreus* bars federal review. The Ninth Circuit has made clear that the *Waltreus* rule, under which a state court will not review in a habeas petition any claim raised on direct appeal, does not constitute a state procedural default sufficient to bar federal habeas review. *See e.g. Hill v. Roe*, 321 F.3d 787, 789 (9th Cir.2003); *Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir.1996).

■ On the other hand, Respondent sufficiently has pleaded the adequacy and independence of the *Dixon* rule. In *Bennett*, the Ninth Circuit explained the burden of proof for these issues:

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place

---

1. CALJIC No. 2.04 provides as follows:

   If you find that a defendant [attempted to] [or][did] persuade a witness to testify falsely or [attempted to [or][did]] fabricate evidence to be produced at the trial, that conduct may be considered by you as a circumstance tending to show a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt and its weight and significance, if any, are for you to decide.

that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden of proving the adequacy of the California state bar is upon the State of California. *Bennett,* 322 F.3d at 586.

Because Respondent adequately pleaded the independence and adequacy of the *Dixon* rule, Petitioner bore the burden to "place the defense in issue." Although it is not entirely clear how a petitioner might successfully place the defense in issue, Petitioner surely has not met his burden here. Petitioner offers nothing in response to Respondent's allegation, much less any specific factual allegations demonstrating inconsistent application of the *Dixon* rule. Because he has not placed the adequacy of the *Dixon* rule in issue, his federal claim is defaulted.

There is remaining the significance, if any, of the state court's citation to both *Waltreus* and *Dixon.* Although ambiguity in a state court order will preclude this Court from finding a claim defaulted, *see Washington v. Cambra,* 208 F.3d 832, 834 (9th Cir.2000), here there does not appear to be any such ambiguity. Petitioner raises here, and raised in his state habeas petition, only one issue: the use of CALJIC No. 2.04 to instruct his jury. On direct appeal, he challenged the use of the instruction under state law; in his habeas petition he challenged the use of the instruction with citations both to state and federal law. Therefore, the only claim that could have been denied with a *Dixon*

citation (because it could have been, but was not, raised on direct appeal) is the federal challenge to the use of the instruction. Because the federal claim also is the only claim upon which this Court may pass on federal habeas review, the *Dixon* challenge applies and thus bars review. *Cf. Hill,* 321 F.3d 787 (remanding for consideration of adequacy of second procedural bar even where district court properly determined that additional *Waltreus* citation did not bar review).

■ This Court may not consider procedurally defaulted claims unless a petitioner demonstrates "cause and prejudice or actual innocence." *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994). Petitioner does not suggest to this Court with any particularity that either cause and prejudice or a miscarriage of justice should excuse his default here. The First Amended Petition should be dismissed because it contains only a defaulted federal claim.[2]

## III.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court (1) enter an Order accepting this Report and adopting it as its findings and conclusions; and (2) enter Judgment granting the Motion to Dismiss and dismissing the First Amended Petition.

---

2. Of course, even though the state law aspect of Petitioner's claim might escape the procedural default rule, as it was denied with citation to *Waltreus,* the First Amended Petition still should be dismissed because habeas relief is not available for errors of state law. 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).